**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**SONNY AUSTIN RAMDEO,**

    **Plaintiff,**

v.                                                            **Case No: 5:24-cv-359-MMH-PRL**

**XAVIER BECERRA and CHRISTI A.
GRIMM,**

    **Defendants.**

---

### REPORT AND RECOMMENDATION[1]

Plaintiff Sonny Austin Ramdeo, who is proceeding *pro se*, filed this action against Defendants Xavier Becerra ("Secretary"), in his official capacity as the head of the United States Department of Health and Human Services ("HHS"), and Christi A. Grimm in her official capacity as Inspector General of HHS. On July 17, 2024, the Court *sua sponte* struck Plaintiff's complaint, finding that it constituted an impermissible "shotgun pleading," and allowed Plaintiff an opportunity to file an amended complaint. (Doc. 7). In response, Plaintiff filed a first amended complaint (Doc. 8), a second amended complaint (Doc. 16), and now a third amended complaint. (Doc. 18). Plaintiff seeks to proceed in forma pauperis. (Doc. 2).

Despite filing three amended complaints, Plaintiff has failed to allege any basis for this Court to exercise jurisdiction over his claim. Accordingly, I recommend that Plaintiff's

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

motion to proceed in forma pauperis (Doc. 2) be denied and his third amended complaint (Doc. 18) be dismissed.

## I.     Legal Standards

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id*. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The bare minimum a plaintiff must set forth in the complaint is found in Rule 8 of the Federal Rules of Civil Procedure and explained further in *Iqbal* and *Twombly*. *See generally Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The statement of the claim must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. at 555. While particularity is not required under Rule 8, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A claim "has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## II. Background

HHS is the federal agency responsible for administering Medicare and Medicaid. Under 42 U.S.C. § 1320a–7, the Secretary is authorized (or mandated) to exclude individuals and entities from participation in such federal health care programs under certain limited situations, including when an individual or entity has been convicted of a program-related crime. The Secretary has delegated the enforcement of certain administrative sanctions to the HHS Office of Inspector General ("OIG"). *Frounfelter v. Leavitt*, 563 F.Supp.2d 1327, 1329 (M.D. Fla. 2008).

According to the third amended complaint, on March 9, 2016, the OIG issued a Notice of Intent to Exclude Plaintiff from participation in any capacity in the Medicare, Medicaid, and all federal health care programs due to his convictions for wire fraud and money laundering. (Doc. 18 at ¶12; Doc. 18-1 at 2-3). The Notice of Intent stated that Plaintiff had 30 days from the date of the letter to submit any information and supporting documentation he wanted the OIG to consider before making a final determination regarding the exclusion. (Doc. 18-1 at 2-3). Plaintiff alleges that on March 16, 2016, he wrote to the OIG requesting a copy of the file referenced in the Notice of Intent along with the evidence and documentation being utilized, as the Notice did not provide adequate information regarding the basis for the exclusion. (Doc. 18 at ¶13).[2] Plaintiff alleges that the OIG did not respond to his request for

---

[2] The third amended complaint states that Plaintiff's letter to the OIG is attached as Exhibit B. (Doc. 18 at ¶13). However, review of the docket shows that Exhibit B was not filed with the Court.

information which deprived him of the necessary documentation to challenge the exclusion effectively and prevented him from filing a timely request for a hearing. (Doc. 18 at ¶14).

On May 31, 2016, the OIG issued a Notice of Exclusion to Plaintiff, excluding him from participation in Medicare, Medicaid, and all federal health care programs for a minimum period of 55 years due to his convictions for wire fraud and money laundering. (Doc. 18 at ¶¶ 17-18; Doc. 18-1 at 7-8). The OIG stated that it was imposing this exclusion pursuant to section 1128(a)(1) of the Social Security Act, which is codified at 42 U.S.C. § 1320a-7(a). (Doc. 18 at ¶19; Doc. 18-1 at 7). Section 1320a-7(a)(1) mandates the exclusion of individuals from participating in federal health care programs if the individual has been "convicted of a criminal offense related to the delivery of an item or service" under Medicare, Medicaid, or a state health care program. § 1320a-7(a)(1).

The Notice of Exclusion expressly incorporated an enclosure that provided a detailed explanation of the authority for the exclusion, its effect, and information about how to appeal the exclusion. (Doc. 18-1 at 7-10). Specifically, it advised Plaintiff that if he disagreed with the imposition of the exclusion, he could request a hearing before an administrative law judge within 60 days of receiving the OIG's Notice of Exclusion. The third amended complaint does not allege that Plaintiff ever requested a hearing (untimely or otherwise).

In earlier versions of the complaint, Plaintiff alleged that he sent an email to the OIG on July 1, 2024, asking it to reconsider the Notice of Exclusion. (Docs. 16 at ¶27; 16-1 at 18-19). He alleged that the OIG responded three days later and advised that it "declines to withdraw your exclusion, which remains in full effect for the duration set forth in your Notice of Exclusion." (Doc. 16-1 at 18). Plaintiff also alleged that he had filed an appeal with the Departmental Appeals Board (No. C-24-570) and a subsequent appeal (Case No. A-24-72).

(Doc. 16 at ¶ 28; Doc. 16-1 at pp. 18-31).[3] These allegations regarding the email to the OIG and appeals have been removed from the third amended complaint.

On July 16, 2024, Plaintiff filed this action challenging the exclusion imposed by the OIG on various constitutional grounds. In the most recent version of the complaint, Plaintiff has narrowed his claim to one theory—that the OIG took ultra vires action exceeding its statutory authority under § 1320a-7(a) in imposing the exclusion. (Doc. 18 at 8-9). Plaintiff seeks declaratory and injunctive relief.[4] Plaintiff alleges that the Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction) and 5 U.S.C. §702 (Administrative Procedures Act).

### III. Discussion

Jurisdiction is a threshold issue in any case pending in the United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir. 2001). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. *See Univ. of*

---

[3] While Plaintiff attached a copy of a brief dated July 2, 2024, that he purportedly filed in one of his appeals, he has not filed any decisions issued by the Departmental Appeals Board or any correspondence regarding an appeal.
[4] Earlier versions of the complaint included claims that the OIG imposed the exclusion in violation of Plaintiff's right to a jury trial under the Seventh Amendment and in violation of his due process rights under the Due Process Clause of Fifth Amendment. (Docs. 1, 8, and 16).

*S. Ala.,* 168 F.3d at 410. "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000).

As discussed above, the OIG exclusion at issue was imposed pursuant to section 1128(a)(1) of the Social Security Act, which is codified at 42 U.S.C. § 1320a-7(a). (Doc. 16 at ¶13; Doc. 16-1 at p. 2). This section provides that an individual or entity excluded from participation in federal health care programs under the section is entitled to federal judicial review of claims as set forth in 42 U.S.C. §§ 405(g) and (h). 42 U.S.C. § 1320a-7(f)(1)(3).[5] Section 405(h) provides that "no findings of fact or decision of the [Secretary] shall be reviewed ... except as [provided in § 405(g)]."  If further provides that "[n]o action against the United States, the [Secretary], or any officer or employee thereof shall be brought under [28 U.S.C. § 1331 or § 1346] to recover on any claim arising under [Title II of the Social Security Act]." *Id.* Accordingly, § 405(h) has been viewed as serving "a 'channeling' function, by 'strip[ping] district courts of the most obvious sources of federal jurisdiction' and then 'mak[ing] exclusive the judicial review method set forth in § 405(g),'" "which in turn, grants jurisdiction to district courts to review final agency decisions made after a hearing." *Chambers v. Kijakazi,* 86 F.4th 1102, 1106 (8th Cir. 2023).

Given the clear language of § 405(h), federal question jurisdiction is not available in this case. Likewise, the Administrative Procedures Act does not provide an independent basis for subject-matter jurisdiction permitting federal judicial review of agency action. *See Califano v. Sanders*, 430 U.S. 99, 105-07 (1977) (holding that the "APA does not afford an implied grant

---

[5] The statute specifically provides that any references to the Commissioner of Social Security shall be considered a reference to the Secretary.

of subject-matter jurisdiction permitting federal judicial review of agency action"). Accordingly, Plaintiff has failed to allege any basis for this court to exercise jurisdiction over his claim.

Moreover, even assuming Plaintiff's claim is being brought pursuant to §405(g), it does not provide the Court with jurisdiction under the circumstances presented here. Section 405(g) authorizes judicial review of "any final decision ... made after a hearing." This provision "contains two separate elements: first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable ... requirement that the administrative remedies prescribed by the Secretary be exhausted.'" *Smith v. Berryhill,* 587 U.S. 471, 478 (2019) quoting *Mathews v. Eldridge*, 424 U.S. 319, 328, (1976)).  Here, according to Plaintiff's own allegations, he has not presented his claim—i.e., that the OIG improperly applied the exclusion to his case by expanding the statutory definitions of "Federal health care program" and "items of services" to include his convictions for wire fraud and money laundering—to the OIG. While Plaintiff alleges that the OIG's failure to respond to his request for information prevented him from timely requesting a hearing, he does not allege that he made an untimely request for a hearing that was denied, nor does he allege that he was otherwise prevented from challenging the exclusion before the OIG and obtaining a final decision.[6] Absent a claim being presented to the agency, "there can be 'no decision' of any type" and "some decision by the Secretary is clearly required by [§405(g)]." *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976).

---

[6] Based on earlier versions of the complaint, Plaintiff has alleged, at most, that he sent an email to the OIG (two weeks before filing this action) asking the OIG to reconsider its decision. There is no allegation that he obtained a final decision, and he concedes that the Notice of Exclusion does not constitute final agency action under §405(g). (Doc. 18 at ¶27).

Because Plaintiff has not presented his claim to the OIG, and obtained a final decision after a hearing, this Court does not have subject matter jurisdiction pursuant to § 405(g). Requiring Plaintiff to raise his claim before the administrative agency and exhaust his administrative remedies, affords the agency an opportunity to correct its own errors, giving the parties and courts the benefit of the agency's experience and expertise, and compiling a record that is sufficient for judicial review. *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975); *see also*, *McKart v. United States,* 395 U.S. 185, 194 (1969) (noting that "since agency decisions are frequently of a discretionary nature or frequently require expertise, the agency should be given the first chance to exercise that discretion or to apply that expertise.").

### IV.    Recommendation

Accordingly, because the Court lacks subject matter jurisdiction, Plaintiff's motion to proceed in forma pauperis (Doc. 2) should be **DENIED** and the third amended complaint (Doc. 18) should be **DISMISSED**.

Recommended in Ocala, Florida on September 6, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party