# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**SONNY AUSTIN RAMDEO,**

     **Plaintiff,**

**v.**                                                       **Case No: 5:24-cv-359-MMH-PRL**

**XAVIER BECERRA—Secretary of
Health and Human Services in his
official capacity, and CHRISTI A.
GRIMM—Inspector General - Health
and Human Services in her official
capacity,**

     **Defendants.**

_____

### ORDER

This case is before the Court on Plaintiff's Motion for Reconsideration of Denial of Leave to Amend ("Motion for Reconsideration") (Doc. 30) and his Motion for Extension of Time to Submit USM-285 Forms and Required Copies ("Motion for Extension of Time") (Doc. 31). In the Motion for Reconsideration, Plaintiff requests that the Court reconsider its Order (Doc. 29) entered on January 23, 2025, denying his Motion for Leave to File a Fifth Amended Complaint (Doc. 27). In the Motion for Extension of Time, Plaintiff requests a 14-day extension to effectuate service on Defendants following the entry date of the Court's Order on the Motion for Reconsideration. Upon review, Plaintiff's Motion for Reconsideration is due to be denied, and his Motion for Extension of Time will be granted.

## I.    BACKGROUND

Plaintiff Sonny Austin Ramdeo ("Plaintiff") initiated this action by filing a complaint on July 16, 2024, challenging a decision by the United States Department of Health and Human Services, Office of the Inspector General ("OIG") to exclude him from participation in Medicare, Medicaid, and federal healthcare programs due to his convictions for wire fraud and money laundering.[1] Simultaneously with the complaint, Plaintiff filed a motion to proceed in forma pauperis (Doc. 2). On September 17, 2024, without expressing an opinion on the ultimate merits of Plaintiff's claims, the Court granted Plaintiff permission to proceed in forma pauperis (Doc. 25) based on the fourth amended complaint (Doc. 22).[2]

Over three months later, on January 7, 2025, the Court ordered Plaintiff to show cause why the claims raised against Defendants should not be dismissed without prejudice for failure to prosecute due to his failure to effect timely and proper service to Defendants pursuant to Federal Rule of Civil Procedure 4. (Doc. 26). Later that day, Plaintiff filed a Motion for Leave to File a Fifth Amended Complaint ("Motion to Amend") (Doc. 27) and a response to the Order to Show Cause (Doc. 28).[3] In the Motion to Amend, Plaintiff sought leave to add the following claims: (1) "good cause for late filing under 42 U.S.C. § 405(b)(3)"; (2) "equitable tolling" under 42 U.S.C. § 405(g); (3) "violation of the non-delegation doctrine"; and (4) "failure to comply with mandatory duties" and "negligence in failing to apply § 405(b)(3)" under the Federal Tort Claims Act. (Doc. 27-1). The Court denied

---

[1] This exclusion was imposed pursuant to § 1128(a)(1) of the Social Security Act, which is codified at 42 U.S.C. § 1320a-7(a), on May 31, 2016.

[2] In addition to the fourth amended complaint (which is the operative complaint in this case), the Court allowed Plaintiff to file a second amended complaint (Doc. 16) and a third amended complaint (Doc. 18) without leave of Court.

[3] In light of Plaintiff's response to the Order to Show Cause, the Court discharged the Order to Show Cause on January 23, 2025. (Doc. 29).

Plaintiff's Motion to Amend on January 23, 2025, finding that the amendment would be futile because Plaintiff failed to set forth a new claim or argument establishing that his request for leave to amend to file a fifth amended complaint would survive a motion to dismiss. (*See* Doc. 29).

Plaintiff now moves for reconsideration of the Court's January 23, 2025 Order denying his Motion to Amend pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. (Doc. 30). He argues that reconsideration is warranted because the Court "overlooked controlling statutory mandates, recent Supreme Court precedents, and the statutory framework governing the [additional] claims" in the Motion to Amend. (*Id.* at pp. 1, 26).

## II.    LEGAL STANDARDS

"Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration." *Beach Terrace Condo. Ass'n, Inc. v. Goldring Invs.*, No. 8:15-CV-1117-T-33TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015). Under Rule 59(e), which applies here,[4] "a party may ask a district court to reconsider an earlier ruling." *See Hill v. Escambia Cnty. Sheriff's Off.*, No. 21-10631, 2022 WL 1297809, at *3 (11th Cir. May 2, 2022).

A motion for reconsideration "will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or

---

[4] "The time when then the party files the motion [for reconsideration] determines whether the motion will be evaluated under Rule 59(e) or Rule 60." *Beach Terrace Condo. Ass'n, Inc.*, 2015 WL 4548721, at *1. "A Rule 59(e) motion must be filed within 28 days after the entry of the judgment [or an order], whereas "[m]otions filed after the 28-day period will be decided under Federal Rule of Civil Procedure 60(b)." *Id.* Here, Plaintiff's Motion for Reconsideration was filed within 28 days of the Court's January 23, 2025 Order denying the Motion to Amend. Thus, the Court will proceed and analyze Plaintiff's Motion for Reconsideration under Rule 59(e).

manifest injustice." *See De Ford v. Koutoulas*, No. 6:22-CV-652-PGB-DCI, 2023 WL 3584077, at *3 (M.D. Fla. May 22, 2023); *see also United States v. Battle*, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) (indicating that "[a]n error is not 'clear and obvious' if the legal issues are 'at least arguable'") (quoting *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990) (cautioning "any litigant considering bringing a motion to reconsider based upon th[e] [third] ground should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant"). Generally, to obtain reconsideration, the movant must demonstrate "why the court should reconsider its decision" and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *See Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993).

However, a Rule 59(e) motion for reconsideration cannot be used as a vehicle through which to "relitigate old matters" or "raise argument[s] . . . that could have been raised prior to the entry of judgment [or an order]." *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Vill of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Indeed, a court "will not reconsider a previous ruling when the party's motion fails to raise new issues and, instead, only relitigates what has already been found lacking." *See Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

"Moreover, while the trial court is vested with substantial discretion in granting such relief, reconsideration is an extraordinary remedy, which is to be used sparingly." *Kidwell v. Charlotte Cnty. Sch. Bd.*, No. 2:07-CV-13-FTM-34SPC, 2007 WL 9718741, at *3 (M.D. Fla. Nov. 30, 2007). "The burden is upon the movant to establish the extraordinary circumstances

supporting reconsideration." *Saint Crox Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-CV-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009). A "party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *McGuire v Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (internal quotations omitted).

## III.  DISCUSSION

The thrust of Plaintiff's arguments in his 26-page[5] Motion for Reconsideration is that the Court made clear errors of law in its January 23, 2025 Order denying the Motion to Amend because it overlooked statutory language, recent Supreme Court decisions, and the statutory framework governing certain claims that challenge the process by which the OIG excluded him from participation in Medicare, Medicaid, and federal healthcare programs pursuant to § 1128(a)(1) of the Social Security Act.

Plaintiff's Motion for Reconsideration fails to establish a clear error of law justifying reconsideration of the January 23, 2025 Order. Instead, the Motion for Reconsideration largely attempts to re-litigate issues already raised in the Motion to Amend and reframe old arguments in new ways. While Plaintiff cites additional case law in support of his arguments (old and new), those same cases and arguments were available to him when the Motion to Amend was filed. Plaintiff cannot use the Motion for Reconsideration to make new arguments or assert new theories of law that he could have raised initially in the Motion to

---

[5] The Court notes that Plaintiff's Motion for Reconsideration fails to comply with Local Rule 3.01(a), as his motion exceeds 25 pages, and he did not seek leave of Court to file the 26-page motion. *See* M.D. Fla. Local Rule 3.01(a) (stating that any motion and memorandum in support must be in a single document not to exceed 25 pages absent leave of Court). Plaintiff is once again cautioned that future filings that do not comply with this Local Rule or any other Local Rule may be stricken.

Amend. *See Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997) ("[A] motion to reconsider should not be used by the parties to set forth new theories of law."); *Am. Home Assurance Co.*, 763 F.2d at 1239 (allowing a party to raise new arguments in a motion for reconsideration "essentially affords a litigant 'two bites at the apple'"). Simply put, Plaintiff has failed to demonstrate that the "extraordinary remedy" of reconsideration (which courts have used sparingly) is appropriate in this instance.

## IV.   CONCLUSION

Accordingly, Plaintiff's Motion for Reconsideration of Denial of Leave to Amend (Doc. 30) is **DENIED**, and his Motion for Extension of Time to Submit USM-285 Forms and Required Copies (Doc. 31) is **GRANTED**.

On or before **February 14, 2025,** Plaintiff is directed to effectuate service on Defendants pursuant to Federal Rule of Civil Procedure 4. Plaintiff should refer to the Court's January 23, 2025 Order (Doc. 29) for further instructions regarding service. Given the extended delays with effectuating service on Defendants in this case, no further extensions will be granted absent extraordinary circumstances. Plaintiff is again cautioned that failure to return the completed summonses within the time required by the Court may result in the case being dismissed.

**DONE** and **ORDERED** in Ocala, Florida on January 30, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties