**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**SONNY AUSTIN RAMDEO,**

    Plaintiff,

v.                                                 Case No: 5:24-cv-359-MMH-PRL

**ROBERT F. KENNEDY, JR.,** Secretary
of Health and Human Services, in his
official capacity, et al.,

    Defendant.

## ORDER

This cause comes before the Court on Plaintiff's Renewed Motion for Electronic Filing Privileges. (Doc. 57). In his now second attempt, *pro se* Plaintiff requests authorization to access and file documents in CM/ECF. (*Id.* at pp. 1, 7; *see* Doc. 11). Plaintiff claims that, as a result of the Court recently discontinuing its web portal that allowed *pro se* litigants to file documents electronically, Plaintiff's ability to meet court deadlines and meaningfully participate in the litigation has been unfairly burdened and severely impaired. (Doc. 57 at pp. 2-4, 6-7). Plaintiff points to the filing of his Disclosure Statement (Doc. 54) and the Court's September 18, 2025 Order (Doc. 53) staying discovery pending resolution of the motion to dismiss, as "examples where harm could have resulted in prejudice, requiring the preparation of additional pleadings to reopen or reconsider matters, [and] expending limited resources with no guarantee of success." (Doc. 57 at pp. 3-4). He generally complains that by prohibiting *pro se* litigants from filing documents electronically via CM/ECF, it "places an unfair and unwarranted burden on non-incarcerated pro se litigants and impairs their ability to effectively participate in litigation." (*Id.* at pp. 6-7). Plaintiff, therefore, requests that the Court reconsider

its July 26, 2024 Order (Doc. 11) denying Plaintiff's request to file documents electronically in CM/ECF and "[g]rant leave for Plaintiff to access and file documents via CM/ECF" and "[d]irect the Clerk to provide Plaintiff access/instructions on the ability to make filings via CM/ECF since he is already registered as a PACER user," or alternatively, "issue an Order directing the Clerk to accept any submissions via the Lawyer Web Portal in this case." (Doc. 57 at pp. 1, 7).

As Plaintiff notes in the motion (*see* Doc. 57 at p. 2), the Court previously operated a web portal that allowed *pro se* litigants to file documents electronically. That service has now ended due, in part, to the emergency that required it—the COVID-19 pandemic—having passed. *See Hardy v. Strayer Univ.*, LLC, No. 6:25-cv-1136-WWB-RMN, 2025 WL 2337401, at *1 n.1 (M.D. Fla. Aug. 13, 2025); *see also Sheets v. Pribble*, No. 2:24-cv-958-JES-KCD, 2025 WL 2106679, at *1 (M.D. Fla. July 28, 2025) (acknowledging that the Middle District of Florida "discontinued its web portal to realign resources and ensure continued efficiency"). Effective August 1, 2025, litigants without lawyers in the Middle District of Florida are not permitted to submit filings through the Court's web portal and must submit filings in person, by U.S. Mail, or by other delivery service.[1] As such, to the extent Plaintiff requests access to file documents through the Court's web portal, he is not entitled to that relief, and such a request is denied.

As to CM/ECF eligibility, "[a]bsent a court order, a pro se litigant is not permitted to file documents in CM/ECF." *See* Admin. Proc. for Elec. Filing § B (Aug. 1, 2025) for the United States District Court, Middle District of Florida; *see also* M.D. Fla. Local Rule 1.01(c)

---

[1] *See* Web Portal, https://apps.flmd.uscourts. gov/cmecf/filings.cfm

("By administrative order, the court can prescribe procedures governing electronic filing."); Fed. R. Civ. P. 5(d)(3)(B)(i) ("A person not represented by an attorney . . . may file electronically only if allowed by court order or by local rule."). "Pro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *Huminski v. Vermont*, No. 2:13-cv-692-FTM-29, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014); *see McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (per curiam) (affirming denial of CM/ECF access for *pro se* litigant because there was "no good cause under the circumstances of the case to authorize his access"); *Gerow v. Blackwell*, No. 8:24-cv-02280-KKM-NHA, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("The Eleventh Circuit has routinely upheld this district's practice of denying CM/ECF access to pro se litigants absent a showing of good cause.") (citations omitted); *see also Nathansen v. City of Punta Gorda*, No. 2:25-cv-300-KCD-NPM, 2025 WL 2770876, at *1 (M.D. Fla. Sept. 26, 2025) (observing that access to electronic filing via CM/ECF is generally restricted because "the CM/ECF system contains confidential and other sensitive information") (citing Admin. Proc. for Elec. Filing).

In this instance, Plaintiff has not shown any extenuating circumstances or good cause to authorize his access to CM/ECF. In general, Plaintiff has filed documents in a timely and appropriate manner and has sought leave of Court when he needed an extension to comply with a deadline. (*See* Doc. 31). The Court is not persuaded that CM/ECF access is necessary for Plaintiff to "effectively" litigate this matter as he contends. (*See* Doc. 57 at p. 7). As a *pro se* party, Plaintiff can receive electronic notices of filings to his email (as previously permitted

by the Court),[2] monitor the docket via PACER (as previously advised by the Court),[3] and submit filings in person, by U.S. Mail, or by other delivery service (as noted above). For that reason, the Court is also not convinced that Plaintiff's previously filed Disclosure Statement (Doc. 54), which he cites as an example attempting to show that "harm [from his inability to file documents electronically] *could* have resulted in prejudice," demonstrates that the filing of future documents in person, by U.S. mail, or other delivery service will be unduly burdensome or prejudicial. (*See* Doc. 57 at p. 3) (emphasis added).

Finally, Plaintiff contends that the elimination of the web portal for *pro se* litigants constitutes "disparate treatment" and a "material change" warranting reconsideration of the Court's July 26, 2024 Order denying his previous request to file documents electronically through CM/ECF. (*See* Doc. 57 at pp. 1-2, 6), However, "[t]here is no constitutional right to electronic filing[,]" and this Court has an obligation to "manage access to electronic systems in the interest of administrative efficiency, consistency, and security." *See Sheets*, 2025 WL 2106679, at *1 (citation omitted). In particular, the discontinuation of the Court's web portal and Plaintiff's inability to file documents electronically "does not constitute a legal barrier to participation" in litigating this matter, given that Plaintiff can file documents by hand delivery to the clerk's office or by mail, which sufficiently alleviates any generalized or constitutional

---

[2] Plaintiff has been permitted to receive electronic notifications in this matter for well over a year now, since the Court granted his request to receive electronic notifications via email on July 30, 2024. (*See* Doc. 13).

[3] Specifically, the Court's July 26, 2024 Order advised Plaintiff that he "may access and view court records for this case or others via PACER" and provided him with the link to PACER. (*See* Doc. 11); *see also Rothschild v. Anywhere Advisors LLC*, No. 2:24-cv-304-SPC-KCD, 2024 WL 2749245, at *1 (M.D. Fla. May 29, 2024) ("Any member of the public can access electronic records of the federal courts by registering online with PACER."). The Court's "Guide for Proceeding Without a Lawyer" provides instructions on how to register for PACER (http://www.flmd.uscourts.gov/pro_se/default.htm).

- 5 -

concerns. *See id*. (citing *McNiece v. Town of Yankeetown*, 817 F. App'x 842, 845 (11th Cir. 2020)); *see also Nathansen*, 2025 WL 2770876, at *1 ("Even incarcerated or civilly committed pro se parties routinely litigate their matters by mail."). By all accounts, Plaintiff has sufficient means and wherewithal to access the docket and file what is needed without CM/ECF. For the foregoing reasons, the Court finds that Plaintiff has not met his burden to justify allowing CM/ECF access and, therefore, relief is not warranted in Plaintiff's renewed motion.

Accordingly, Plaintiff's Renewed Motion for Electronic Filing Privileges (Doc. 57) is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on October 10, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties