**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

SONNY AUSTIN RAMDEO,

      Plaintiff,

vs.

      Case No.  5:24-cv-359-MMH-PRL

ROBERT F. KENNEDY, JR.—
Secretary of Health and Human
Services, in his official capacity, et
al.,

      Defendants.

_____/

**ORDER**

    **THIS CAUSE** is before the Court on Magistrate Judge Philip R. Lammens' Report and Recommendation (Doc. 67; Report), entered January 16, 2026. In the Report, the Magistrate Judge recommends that Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. 45; Motion), filed July 17, 2025, be granted for lack of subject matter jurisdiction. See Report at 22. On January 22, 2026, Plaintiff filed his Objections to Magistrate[] [Judge's] Report and Recommendation (Doc. 68; Objections).[1] Defendants did

---

[1] In 1990, the United States Congress intentionally, and after much consideration, changed the title of each United States magistrate to "United States magistrate judge." See Judicial Improvements Act of 1990, Pub. L. No. 101-650 § 321 (1990) ("After the enactment of this Act, each United States magistrate appointed under § 636 of Title 28 United States Code, shall be known as a United States magistrate judge . . . ."); see also Ruth Dapper, A Judge by any Other Name? Mistitling of United States Magistrate Judges, 9 Fed. Cts. L. Rev. 1, 5 (Fall

not file a response to the Objections, and the time for doing so has passed. <u>See</u> Fed. R. Civ. P. 72(b)(2). Accordingly, this matter is ripe for review.

Because the Court finds that the Objections are due to be overruled and the Report is due to be adopted, in part, as the Court's opinion, the Court will not fully repeat the factual background or the arguments and authority addressed there. Instead, the Court writes only to explain the extent to which the Court adopts the Report and to address Plaintiff's specific objections.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Under Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Rule 72(b)(3); <u>see also</u> 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. R. 3-1.[2] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. <u>See</u> <u>id.</u>; <u>see also</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require

---

2015). As such, in future filings in this or any other court, Plaintiff should refer to a magistrate judge respectfully and properly as "Judge _____" or the "Magistrate Judge." <u>See</u> <u>Koutrakos v. Astrue</u>, 906 F. Supp. 2d 30, 31 n.1 (D. Conn. 2012) (pointing out the proper way to refer to a United States magistrate judge).

[2] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. <u>See</u> Report at 1 n.1.

district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304–05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not").

In the Report, the Magistrate Judge determines that "Plaintiff did not timely exhaust his administrative remedies and failed to demonstrate an exception to the exhaustion requirement," and, as a result, the Court lacks subject matter jurisdiction over this action. See Report at 21. Noting that Plaintiff fails to "establish any other basis for the Court to exercise jurisdiction over this action," see id., the Magistrate Judge recommends that the Motion be granted and Plaintiff's Fourth Amended Complaint for Declaratory and Injunctive Relief (Doc. 22; Complaint), filed September 9, 2024, be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1), id. at 22.

Upon careful consideration and independent review of the record, the Court will accept and adopt, in part, the legal and factual conclusions recommended by the Magistrate Judge. Specifically, the Court will adopt sections I (Background) and II (Legal Standards). See Report at 2–9. The Court will further adopt the analysis and reasoning in section III (Discussion). See id. at 10–22. However, the Court respectfully declines to adopt the conclusion that

the Court lacks subject matter jurisdiction over this action. See id. As such, the Court finds that the Motion is due to be granted and the Complaint is due to be dismissed pursuant to Rule 12(b)(6) rather than Rule 12(b)(1).

## I.    Rule 12(b)(1): Subject Matter Jurisdiction[3]

In the Motion, Defendants argue that the Court lacks subject matter jurisdiction over this action because Plaintiff, who was excluded from participation in federal health care programs under 42 U.S.C. § 1320a-7 due to a criminal conviction, see Exclusion Notice (Doc. 22-1 at 7–10), filed September 9, 2024,[4] failed to exhaust his administrative remedies. See Motion at 12–14. However, because the exhaustion requirement is not jurisdictional, the Court finds that it has subject matter jurisdiction over this action.

An individual, like Plaintiff, who is "excluded from federal health care programs under 42 U.S.C. § 1320a-7 is entitled to judicial review of the agency's final decision as provided in 42 U.S.C. § 405(g)." See Report at 12 (citing 42 U.S.C. § 1320a-7(f)(1), (f)(3)). Section 405(g) provides for judicial review of "any final decision . . . made after a hearing' to which [the plaintiff] was a party." 42

---

[3] In evaluating the Court's subject matter jurisdiction, the Court applies the legal standard applicable to a Rule 12(b)(1) motion as explained in the Report. See Report at 8–9.

[4] Under Rule 10(c), "attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion." Solis-Ramirez v. U.S. Dep't of Justice, 758 F.2d 1426, 1430 (11th Cir. 1985); see also Fed. R. Civ. P. 10(c) (the exhibits are part of the pleading "for all purposes"). Additionally, "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." Griffin Inds., Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007).

U.S.C. § 405(g). "The Supreme Court has explained that this provision has two separate elements: a jurisdictional requirement that the individual presents a claim to the [Department of Health and Human Services],[5] and a 'nonjurisdictional element of administrative exhaustion.'" Chapel v. Soc. Sec. Admin., Comm'r, No. 24-11483, 2025 WL 1638846, at \*1 (11th Cir. June 10, 2025) (footnote added) (citing Smith v. Berryhill, 587 U.S. 471, 478 (2019)).[6] As such, although a plaintiff's administrative remedies must be exhausted, waived, or excused prior to judicial review, "exhaustion itself is not a jurisdictional prerequisite." Smith, 587 U.S. at 487; see also Chapel, 2025 WL 1638846, at \*2 ("[A] claimant's failure to exhaust administrative remedies beyond initial presentation of the claim to the [Department of Health and Human Services] is not a jurisdictional defect.").[7]

---

[5] Under 42 U.S.C. § 1320a-7(f), any reference to the Commissioner of Social Security or the Social Security Administration in 42 U.S.C. § 405(g) "shall be considered a reference to the Secretary [of Health and Human Services] or the Department of Health and Human Services, respectively." 42 U.S.C. § 1320a-7(f)(1). The Court refers to the Secretary of Health and Human Services as "the Secretary" herein.

[6] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[7] Despite the language in Smith, some courts have continued to hold that a failure to exhaust administrative remedies is jurisdictional. See Rouzard v. Comm'r of Soc. Sec., No. 6:24-CV-585-CEM-LHP, 2025 WL 404917, at \*4 n.7 (M.D. Fla. Jan. 28, 2025) (collecting cases), report and recommendation adopted, 2025 WL 404915 (M.D. Fla. Feb. 5, 2025).

The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

Here, the Office of the Inspector General (OIG) in the United States Department of Health and Human Services (HHS) excluded Plaintiff from participation in "Medicare, Medicaid, and <u>all</u> Federal health care programs." <u>See</u> Exclusion Notice at 7. And Plaintiff proceeded to challenge that decision through the administrative appeals process, but failed to do so in a timely manner. <u>See</u> Dismissal (Doc. 62-1; ALJ Dismissal), filed October 22, 2025, at 6 (denying Plaintiff's hearing request as untimely); Determination to Decline Review of Administrative Law Judge Decision (Doc. 62-6; Appellate Division Decision), filed October 22, 2025, at 3 (declining review of and summarily affirming the Administrative Law Judge's dismissal).[8] Notably, the parties do not dispute that Plaintiff presented his claim challenging the OIG's exclusion decision. <u>See</u> Complaint ¶ 20; Objections at 9; <u>see generally</u> Motion; <u>see also</u> ALJ Dismissal; Appellate Division Decision. Therefore, the Complaint is not

---

[8] Under appropriate circumstances, a court may take judicial notice of and consider documents attached to a motion to dismiss or response, which are public records that are "central" to a plaintiff's claims, without converting the motion to dismiss into a motion for summary judgment. This is so, as long as such documents are "public records that [are] 'not subject to reasonable dispute' because they [are] 'capable of accurate and ready determination by resort to sources whose accuracy [can] not reasonably be questioned.'" <u>Horne v. Potter</u>, 392 Fed. App'x 800, 802 (11th Cir. 2010) (quoting Fed.R.Evid. 201(b)). Here, the Court takes judicial notice of the documents attached to the Notice of Filing Exhibits (Doc. 62), filed October 22, 2025. All of these documents are part of the administrative record and are "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." <u>See</u> Fed. R. Evid. 201(b)(2); <u>Horne</u>, 392 F. App'x at 802; <u>Moore v. Potter</u>, No. 3:04-cv-1057-J-32HTS, 2006 WL 2092277, at *5 (M.D. Fla. July 26, 2006) (exercising discretion to take judicial notice of "various filings and decisions of administrative agencies"); <u>Hicks v. City of Alabaster, Ala.</u>, No. 2:11-CV-4107-RDP, 2013 WL 988874, at *7 n.5 (N.D. Ala. Mar. 12, 2013) ("[W]hen considering a motion to dismiss, the court may take judicial notice of the contents of relevant public records . . . .").

- 6 -

due to be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).[9]
See Chapel, 2025 WL 1638846, at *2 (concluding "that the district court erred
in finding that it lacked subject matter jurisdiction" where the plaintiff failed
to exhaust his administrative remedies); see also Wilson v. Comm'r of Soc. Sec.,
No. 21-10278, 2021 WL 3878252, at *1 (11th Cir. Aug. 31, 2021) (noting that
"the hearing requirement is not a jurisdictional prerequisite to review").

## II.   Rule 12(b)(6): Failure to State a Claim

Although the Complaint is not due to be dismissed under Rule 12(b)(1), it
is still due to be dismissed under Rule 12(b)(6) for the same reasons discussed
in the Report: Plaintiff failed to exhaust his administrative remedies, and this
failure has not been waived nor is it due to be excused by the Court. See Report
at 10–21; see also Chapel, 2025 WL 1638846, at *2 (concluding "that the district
court erred in finding that it lacked subject matter jurisdiction" but that,
"notwithstanding this error, . . . the district court properly dismissed [the
plaintiff's] claim" because he failed to exhaust his administrative remedies).

---

[9] It is not clear at what point a plaintiff has sufficiently presented his claim to the
Secretary to confer subject matter jurisdiction in exclusion cases. However, because the OIG
issued an exclusion decision and Plaintiff proceeded through each step of the administrative
appeals process, the Court need not decide this issue to determine that Plaintiff has
sufficiently presented his claim here.

## A. Legal Standard

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555

- 8 -

(citations and quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678–79. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

Although a defense of failure to exhaust administrative remedies is not a question of jurisdiction, procedurally, it "is treated 'like a defense for lack of jurisdiction.'" Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). Therefore, in considering a motion to dismiss for failure to exhaust administrative remedies,

> the court [first] looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.

Id. "If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to

exhaustion." Id.; see also Rouzard, 2025 WL 404917, at *3–4 (applying this standard to a motion to dismiss for failure to exhaust administrative remedies under the Social Security Act).

## B. Exhaustion of Administrative Remedies

As previously stated, "Section 405(g) . . . provides for judicial review of 'any final decision . . . made after a hearing.'" Smith, 587 U.S. at 478. To obtain a reviewable final decision, a plaintiff is "required to exhaust his administrative remedies by proceeding through all . . . stages of the administrative appeals process."[10] Bowen v. City of New York, 476 U.S. 467, 482 (1986). A plaintiff receives a final decision only after proceeding through the entire administrative appeals process. Id. The Magistrate Judge concludes that Plaintiff's claims are unreviewable because Plaintiff failed to exhaust his administrative remedies and obtain a hearing on the merits. See Report at 17. However, Plaintiff objects to this conclusion, asserting that (1) a procedural dismissal can constitute a reviewable final decision, see Objections at 2–4, and (2) the dismissal of his request for a hearing was improper because the Magistrate Judge and the agency ignored a good cause exception for untimely filings, see id. at 4–8. Upon review, Plaintiff's objections are due to be overruled.

---

[10] In the Report, the Magistrate Judge explains the administrative process for appealing exclusion decisions. See Report at 10–12.

### 1. Review of the Agency's Decision

Plaintiff's objection as to the reviewability of the agency's decision is due to be overruled. Based on the allegations in the Complaint, Plaintiff failed to timely exhaust his administrative remedies, resulting in the procedural dismissal of his claim. See Complaint ¶¶ 18–20. Consequently, the merits underlying the OIG's exclusion decision are not subject to judicial review. Moreover, even if the Court can review the procedural dismissal of Plaintiff's claim, the Complaint is still due to be dismissed because, taking Plaintiff's factual allegations as true, the Administrative Law Judge (ALJ) properly denied Plaintiff's untimely request for a hearing.

Many courts hold that "procedural dismissals without an ALJ hearing stemming from the unjustified delays on the part of plaintiffs do not constitute a 'final decision . . . made after a hearing' within the meaning of section 405(g)." See Report at 14 (citing Five Points Healthcare of NC, LLC v. Becerra, 669 F. Supp. 3d 524, 529 (E.D.N.C. 2023)). These courts reason that, "[u]nder Smith, the 'key procedural threshold' in determining whether a dismissal constitutes a final decision made after a hearing within the meaning of section 405(g) is whether an ALJ held a hearing on the merits." See Five Points Healthcare of NC, LLC, 669 F. Supp. 3d at 529 (joining "the chorus of courts holding that procedural dismissals stemming from unjustified delays on the part of the plaintiffs do not constitute a 'final decision . . . made after a hearing' within the

meaning of section 405(g)"). Significantly, the Supreme Court has noted that an ALJ hearing on the merits is "the kind of hearing that § 405(g) most naturally suggests." Smith, 587 U.S. at 480.

However, other courts hold that an ALJ's dismissal of a claim as untimely can be a "final decision . . . made after a hearing." See, e.g., Counts v. Comm'r of Soc. Sec., No. 6:09-CV-2157-ORL, 2010 WL 5174498, at *7 (M.D. Fla. Dec. 15, 2010) (holding that the plaintiff exhausted his administrative remedies even though the ALJ dismissed his claim as untimely); Statler v. Sec'y of Dep't of Health & Hum. Servs., No. 7:09-CV-00387, 2011 WL 972584, at *3 (W.D. Va. Mar. 16, 2011) (reviewing an ALJ's decision to dismiss a plaintiff's claim as untimely); Macheski v. Leavitt, No. 4:06-CV-85 CDL, 2007 WL 2710466, at *4 (M.D. Ga. Sept. 13, 2007) (finding that the plaintiff exhausted his administrative remedies despite the fact that the ALJ dismissed his claim as untimely and without a hearing). Nevertheless, consistent with the Supreme Court's language in Smith, when reviewing an ALJ's decision to dismiss a claim as untimely, these courts review only the procedural ground upon which the ALJ's decision was based, not the underlying merits of the plaintiff's claims. See, e.g., Statler, 2011 WL 972584, at *2 (observing that, because the only issue decided by the ALJ and the Departmental Appeals Board (DAB) was that the plaintiff's claim was time-barred, the court "[was] limited to reviewing the correctness of the DAB's legal determination that the claim was time barred");

Counts, 2010 WL 5174498, at *7 (concluding that the court could review the "final decision denying Plaintiff an administrative hearing"); see also Smith, 587 U.S. at 488 (noting that "a court should restrict its review to the procedural ground that was the basis for the . . . dismissal").[11]

Here, the Court need not determine whether a procedural dismissal is a reviewable "final decision . . . made after a hearing" because, even if the procedural dismissal of Plaintiff's claim is reviewable, Plaintiff's claims still fail. First, to the extent Plaintiff seeks review of the merits of the OIG's exclusion decision, he is not entitled to judicial review. Indeed, as noted in the Report, Plaintiff did not receive a "final decision . . . made after a hearing" on the merits of the OIG's exclusion decision. See Report at 17 ("The ALJ's decision did not address or make any determination as to the merits of the exclusion."). Rather, his claim was dismissed as untimely. See ALJ Dismissal at 6 (dismissing Plaintiff's request for hearing as untimely); Appellate Division Decision at 3 (declining review of and summarily affirming the ALJ's dismissal). As such, judicial review of this decision, if permitted, would not extend to the merits of

---

[11] The Court recognizes that the Eleventh Circuit in Bloodsworth v. Heckler evaluated the merits of a plaintiff's claims despite the fact that the Appeals Council denied review of the ALJ's decision because the request for review was untimely. Bloodsworth v. Heckler, 703 F.2d 1233, 1239–1243 (11th Cir. 1983). However, Bloodsworth predates the Supreme Court's directive that a court "should restrict its review to the procedural ground that was the basis for the . . . dismissal." See Smith, 587 U.S. at 488.

the OIG's exclusion decision; rather, it would be limited to "the procedural ground that was the basis for the . . . dismissal." See Smith 587 U.S. at 488.

Second, even if a procedural dismissal can constitute a judicially reviewable "final decision . . . made after a hearing," as Plaintiff contends, see Objections at 2–4, Plaintiff's Complaint is still due to be dismissed.[12] Notably, as stated in the Report,

> [a]n individual excluded from federal health care programs may seek review of their exclusion by filing a request for a hearing before an ALJ. See 42 C.F.R. § 1005.2(a). The written request must be filed within 60 days of receiving the notice of exclusion and may only challenge whether there is a basis for the exclusion and the reasonableness of the length of the exclusion. See 42 C.F.R. § 1005.2(c) (emphasis added); 42 C.F.R. § 1001.2007(a)-(b); see also Malik v. United States Dep't of Health & Hum. Servs., No. 1290CV00091RDATCB, 2022 WL 1785240, at *4 (E.D. Va. June 1, 2022), aff'd, 2023 WL 4787442 (4th Cir. July 27, 2023) ("There is no 'good cause exception' appended to this 'strict [60-day] filing deadline.'") (quoting Maiorano v. Thompson, No. CIV.A.04-2799(SDW), 2008 WL 304899, at *3 (D.N.J. Feb. 1, 2008)). The ALJ must dismiss a hearing request that is not timely filed. See 42

---

[12] Plaintiff's assertion that the Magistrate Judge failed to follow binding precedent (Smith v. Berryhill, 587 U.S. 471 (2019) and Bloodsworth v. Heckler, 703 F.2d 1233 (11th Cir. 1983)) is incorrect. See Objections at 2–4. Neither Smith nor Bloodsworth involved a plaintiff who failed to timely request a hearing before an ALJ. See Smith, 587 U.S. at 476; Bloodsworth, 703 F.2d at 1235. Rather, unlike Plaintiff here, the plaintiffs in Smith and Bloodsworth both had a hearing on the merits of their claims before an ALJ and only later failed to timely request review from the Appeals Council. See Smith, 587 U.S. at 476; Bloodsworth, 703 F.2d at 1235. Indeed, the court in Bloodsworth reasoned that "the Appeals Council decision not to review finalizes the decision made after a hearing by the [ALJ]." Bloodsworth, 703 F. 2d at 1239. Here, Plaintiff received no decision made after a hearing by the ALJ, let alone a decision on the merits of the OIG's exclusion decision. As a result, Plaintiff's case is different from that faced by the Supreme Court in Smith and the Eleventh Circuit in Bloodsworth. See Smith, 587 U.S. at 483 n.17 ("A different question would be presented by a claimant who assertedly faltered at an earlier step – e.g., whose request for an ALJ hearing was dismissed as untimely and who then appealed that determination to the Appeals Council before seeking judicial review. . . . Because such a situation is not before us, we do not address it.").

- 14 -

> C.F.R. § 1005.2(e)(1); <u>Maiorano</u>, 2008 WL 304899, at \*3 (noting that "[w]hen a hearing request is not timely filed, the presiding ALJ is directed to dismiss the request as a matter of law under 42 C.F.R. § 1005.2(e)(1) . . . . [and] [i]t is therefore proper to dismiss an administrative review hearing request when the request was not timely filed within the requisite 60[-]day period").

Report at 11–12.

Given the facts alleged in the Complaint, the ALJ properly enforced the applicable procedural deadlines when it dismissed Plaintiff's claims. The OIG issued the Notice of Intent to Exclude (Doc. 22-1 at 2–3; Notice of Intent), filed September 9, 2024, on March 9, 2016. <u>See</u> Complaint ¶ 16; Notice of Intent at 2. It then issued the Exclusion Notice on May 31, 2016. <u>See</u> Complaint ¶ 18; Exclusion Notice at 7. The Exclusion Notice provided detailed instructions on when and how to appeal the exclusion, including information on the 60-day timeframe in which Plaintiff could request a hearing before an ALJ. <u>See</u> Exclusion Notice at 10. Instead of making a timely request for a hearing, "[s]everal years later," on December 1, 2022, and July 1, 2024, Plaintiff reached out to the OIG, asking it to reconsider its decision and remove his name from the exclusions list. <u>See</u> Complaint ¶ 19. Only then, eight years after receiving the Exclusion Notice, did Plaintiff request a hearing before an ALJ. <u>Id.</u> ¶ 20. Significantly, Plaintiff does not assert that he failed to receive the Exclusion Notice nor that he received it in an untimely manner. <u>See generally</u> <u>id.</u> As such, the ALJ properly dismissed Plaintiff's claim as untimely. <u>See</u> <u>Maiorano</u>, 2008

WL 304899, at *3 ("It is therefore proper to dismiss an administrative review hearing request when the request was not timely filed within the requisite 60[-]day period . . . ."). Accordingly, even if the procedural dismissal of Plaintiff's claim is subject to judicial review, Plaintiff's Complaint is still due to be dismissed, and, as a result, his objection is due to be overruled.

### 2.  Good Cause Exception for Untimely Filings

Plaintiff further objects that the Magistrate Judge and the agency ignored a good cause exception for untimely filings in 42 U.S.C. § 405(b)(3). See Objections at 4–8. This objection is unavailing—there is no good cause exception for untimely filings. Under 42 U.S.C. § 1320a-7(f)(1), "[a]ny individual . . . that is excluded . . . is entitled to reasonable notice and opportunity for a hearing thereon by the Secretary to the same extent as is provided in section 405(b) of this title . . . ." 42 U.S.C. § 1320a-7(f)(1). Under § 405(b)(1), requests for a hearing on the Secretary's decision "must be filed within sixty days after notice of such decision is received by the individual making such request." 42 U.S.C. § 405(b)(1). "There is 'no good cause exception' appended to this 'strict filing deadline.'" See Malik, 2022 WL 1785240, at *4 (quoted authority omitted).

In support of his objection, Plaintiff points to Section 405(b)(3)(A) which states, in pertinent part,

> [a] failure to timely request review of an initial adverse determination with respect to an application for any benefit under this subchapter or an adverse determination on reconsideration of

> such an initial determination <u>shall not serve as a basis for denial of a subsequent application</u> for any benefit under this subchapter if the applicant demonstrates that the applicant . . . failed to so request such a review acting in good faith reliance upon incorrect, incomplete, or misleading information, <u>relating to the consequences of reapplying for benefits in lieu of seeking review of an adverse determination</u> . . . .

<u>Id.</u> § 405(b)(3)(A) (emphasis added). As a preliminary matter, contrary to Plaintiff's assertions, this provision does not provide for a "good cause exception" to the sixty-day filing requirement in Plaintiff's case. Instead, this provision applies to claimants who file a subsequent application for benefits in lieu of appealing an adverse determination. <u>Id.</u> But Plaintiff is appealing an adverse determination. <u>See generally</u> Complaint. Moreover, Plaintiff overlooks the fact that the "incorrect, incomplete, or misleading information" giving rise to this exception must "relat[e] to the consequences of reapplying for benefits in lieu of seeking review of an adverse determination." 42 U.S.C. § 405(b)(3)(A). Here, the allegedly "incomplete information" Plaintiff points to does not relate to any such consequences. Rather, it relates to the legal basis for the OIG's exclusion decision. <u>See</u> Complaint ¶ 68. As such, even if this provision provided a good cause exception in exclusion cases, it would be of no assistance to Plaintiff.

## C. Excusal of Administrative Exhaustion

Plaintiff next objects that his failure to exhaust administrative remedies

should be excused by the Court. See Objections at 8–10. It is true that a plaintiff who fails to exhaust his administrative remedies may still obtain judicial review of his claims in limited circumstances. For example, the agency may waive exhaustion, see Crayton v. Callahan, 120 F.3d 1217, 1221 (11th Cir. 1997), and, in some cases, a court may excuse exhaustion, see, e.g., Bowen, 476 U.S. at 482. But, as noted in the Report, the Secretary has not waived exhaustion here, nor is exhaustion due to be excused by the Court in this case. See Report at 18–21. Therefore, the Court will overrule Plaintiff's objection.

In determining whether to excuse a plaintiff's failure to exhaust administrative remedies, the Eleventh Circuit considers three factors: (1) whether the issues are entirely collateral to the consideration of the claimant's claim; (2) whether enforcing the exhaustion requirement would cause irreparable injury; and (3) whether exhaustion would be futile. Comack v. Comm'r, Soc. Sec. Admin., No. 23-11115, 2024 WL 4719238, at *2 (11th Cir. Nov. 8, 2024) (citation omitted). For example, exhaustion may be excused where a plaintiff raises a constitutional issue, entirely collateral to the consideration of its claim, the resolution of which would fall outside the agency's authority. See Crayton, 120 F.3d at 1222. Additionally, exhaustion may be excused where "a judicial determination has been made that the agency's procedure is illegal." Id. Significantly, in analyzing the factors above, the Court "must consider whether application of the exhaustion doctrine was practical, and whether it

was consistent with the requirement's underlying policies." Id. With respect to the policies underlying exhaustion, the Supreme Court has stated that

> [e]xhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

Weinberger v. Salfi, 422 U.S. 749, 765 (1975).

In the Complaint, Plaintiff asserts two claims: (1) that the OIG acted beyond its delegated authority in excluding Plaintiff, see Complaint ¶¶ 48–63, and (2) that the OIG violated Plaintiff's due process rights by "obstruct[ing] Plaintiff's ability to defend against the exclusion or seek administrative relief within the statutory deadlines," by failing to respond to Plaintiff's request for more information and by failing "to include specific details about the legal grounds for the exclusion" in the Exclusion Notice, see id. ¶¶ 64–78. In the Objections, Plaintiff asserts that the Court should review these claims and excuse his failure to exhaust administrative remedies because exhaustion would be futile. See Objections at 8–10. Upon review, the Court concludes Plaintiff's objection is due to be overruled because (1) exhaustion was not futile, (2) Plaintiff cannot show that his claims are collateral nor that he would suffer an irreparable injury, and (3) excusing Plaintiff's failure to exhaust would undermine the policies underlying the exclusion requirement.

First, despite Plaintiff's objection, the Court finds that exhaustion would not have been futile in this case. According to Plaintiff, exhausting his administrative remedies would have been futile because (1) he raises claims that "agency adjudicators are structurally barred from granting relief on" and (2) "the agency has taken a final position . . . so no additional administrative step could alter the outcome" of his claim. See Objections at 9. The Court disagrees. While the ALJ may not have been able to hold agency regulations invalid, see 42 C.F.R. § 1005.4(c)(1), the ALJ would have been able to determine whether, under the regulations, Plaintiff was properly excluded. Given the opportunity to consider the merits of Plaintiff's case, the ALJ might have found that Plaintiff's exclusion was improper under the agency's regulations and could have awarded the relief that Plaintiff seeks here: removal of his name from the exclusions list. See Complaint at 25. Additionally, in contending that exhaustion would be futile because the agency enforced its procedural deadlines and dismissed his claim as untimely, Plaintiff ignores the fact that it was his own noncompliance with deadlines that created this "futility." Plaintiff may not manufacture "futility" and skirt the exhaustion requirement simply by allowing deadlines to lapse.

Second, even if exhaustion were futile, Plaintiff fails to satisfy the remaining two factors considered in determining whether a court should excuse exhaustion. As a result, it would be imprudent for the Court to excuse Plaintiff's

failure to exhaust in this case. See Comack, 2024 WL 4719238, at *3 (finding that excusal of exhaustion was improper where the plaintiff could not establish that his claims were collateral nor that exhaustion would be futile). Here, Plaintiff's claims are not collateral, they are inextricably intertwined with the OIG's exclusion decision. Judicial review of Plaintiff's claims would require the Court to immerse itself in the OIG's exclusion decision and would demand a factual determination as to the application of the Social Security Act to Plaintiff's case, including whether Plaintiff's conviction was within the scope of the regulations and statute. See Alpha Home Health Sols., LLC v. Sec'y of U.S. Dep't of Health & Hum. Servs., 340 F. Supp. 3d 1291, 1300 (M.D. Fla. 2018) ("If the court must examine the merits of the underlying dispute, delve into the statute and regulations, or make independent judgments as to plaintiff's eligibility under a statute, the claim is not collateral." (quotation omitted)). Additionally, Plaintiff explicitly seeks relief that would be the "substantive, permanent relief that [he] . . . should seek through the agency appeals process." See id. at 1300; Complaint at 25 (seeking "an injunction prohibiting Defendants from enforcing the exclusion and removing his name from the exclusions list"). It is evident that the essence of Plaintiff's claims is that the OIG's exclusion decision was improper. Simply reframing his claim "in terms of a due process challenge or a liberty interest does not make the claim sufficiently collateral" to

warrant excusal of Plaintiff's failure to exhaust and permit judicial review.[13] See Friedman v. Leavitt, No. CV 08-0586 (RMU), 2008 WL 11389031, at *5 (D.D.C. Dec. 6, 2008).

Moreover, Plaintiff has not suffered an irreparable injury. Plaintiff alleges that, because of his exclusion, he has suffered "substantial and ongoing financial harm, including loss of employment opportunities, reputational damage, and the inability to engage in basic financial activities." See Complaint ¶ 38. But "the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury." Sampson v. Murray, 415 U.S. 61, 90 (1974). And "an insufficiency of savings or difficulties in immediately obtaining other employment" does not support a finding of irreparable injury. Id. at 92 n.68. It follows that, "[i]n the context of exclusion from federal healthcare programs, loss of income through participation in Medicare or Medicaid does not automatically cause irreparable harm." Friedman, 2008 WL 11389031, at *6. Notably, "the OIG's exclusion decision does not prevent Plaintiff from

---

[13] Like the Magistrate Judge, the Court also finds that Plaintiff's claims are not colorable, see Report at 19, because the agency's enforcement of procedural deadlines does not violate due process. Five Points Healthcare of NC, LLC, 669 F. Supp. 3d at 530. And "[n]ot every procedural misstep is of constitutional magnitude." Pretzer v. Comm'r of Soc. Sec., No. 2:19-CV-735-SPC-NPM, 2023 WL 2706729, at *2 (M.D. Fla. Mar. 30, 2023) (citing Holland v. Heckler, 764 F.2d 1560, 1563 (11th Cir. 1985); see also Bowen, 476 U.S. at 484–85. Notably, Plaintiff was provided with information as to the basis, length, and effect of the exclusion decision. See Exclusion Notice at 7. Plaintiff was also given sufficient information on how to timely appeal his exclusion. See id. at 10. As such, Plaintiff had sufficient information to request a hearing before an ALJ, and his generic allegations otherwise are insufficient to raise a colorable constitutional claim.

working for employers that do not rely on federal funding." See Report at 20. And Plaintiff's alleged injuries could have been redressed at a post-deprivation hearing. See Friedman, 2008 WL 11389031, at \*6 ("The harm to the plaintiffs' reputations can be corrected if they eventually prevail in the HHS administrative review process and succeed in contesting the basis for their exclusions."). Thus, Plaintiff has not suffered an irreparable injury, and this factor counsels against excusing Plaintiff's failure to exhaust administrative remedies.

Finally, the Court notes that it was practical for Plaintiff to exhaust his administrative remedies and excusing his failure to do so would undermine the policies underlying the exhaustion requirement. Plaintiff was provided with notice of the OIG's exclusion decision, which included detailed information on how and when to appeal the decision. See Complaint ¶ 18; Exclusion Notice at 10. Plaintiff could have timely requested a hearing before an ALJ and argued that he was provided insufficient information or that his exclusion lacked a legal basis. This would have given the agency an opportunity to correct the alleged procedural errors.[14] Moreover, if Plaintiff had timely exhausted his

---

[14] Plaintiff's contention that the OIG gave him insufficient information as to the legal basis for his exclusion is unavailing. In the Exclusion Notice, the OIG stated:

> This action is being taken under section 1128(a)(1) of the [Social Security Act] (42 U.S.C. 1320a-7(a)) . . . . This exclusion is due to your conviction as defined in section 1128(i) (42 U.S.C. 1320a-7(i)), in the United States District Court, Southern District of Florida, West Palm Beach Division, of a criminal offense

administrative remedies, the agency would have had an opportunity to compile a record and to provide its own expertise and experience in applying agency regulations. Plaintiff's lengthy delay prejudices the agency's ability to do so. Consequently, excusal of exhaustion in this case would result in premature interference with agency process, would deprive the Court and the parties of the agency's expertise and experience, and would result in an incomplete record inadequate for judicial review. Accordingly, it would be imprudent for the Court to excuse Plaintiff's failure to exhaust, and Plaintiff's objection as to excusal is due to be overruled.

### III.   Plaintiff's Objection to "Late-Filed Exhibits"

Plaintiff's final objection is that, in the Report, the Magistrate Judge "relies on six exhibits filed by Defendants after briefing on the Motion to Dismiss had closed" and that he "was not permitted to submit any response addressing those materials." See Objections at 10. The record reflects that, when Defendants filed the Motion, they failed to attach exhibits that were cited throughout. See generally Motion. As such, the Magistrate Judge directed

---

related to the delivery of an item or service under the Medicare or a State health care program, including the performance of management or administrative services relating to the delivery of items or services, under any such programs.

See Exclusion Notice at 7. While the OIG may not have provided Plaintiff with every applicable agency regulation, the OIG provided Plaintiff with sufficient information as to the legal basis for the exclusion, including the applicable statute in this case.

Defendants to file the supporting exhibits and documents. See Order (Doc. 61), entered October 22, 2025.[15] Defendants filed the exhibits that same day. See Notice of Filing Exhibits (Doc. 62). On November 11, 2025, Plaintiff filed a Motion for Leave to File Supplemental Response to Defendants' Late-Filed Exhibits (Doc. 65), attaching a Proposed Supplemental Response Addressing Defendants' Late-Filed Exhibits (Doc. 65-1; Proposed Response). But the Magistrate Judge properly denied Plaintiff's request. See Order (Doc. 66; Order Denying Response), entered December 4, 2025, at 5.

Here, Plaintiff's objection is due to be overruled. First, as the Magistrate Judge noted, Plaintiff's proposed response "largely rehashe[d] the arguments already made" in his Response to Defendant[s'] Motion to Dismiss (Doc. 47), filed July 24, 2025. See Order Denying Response at 4; see also Proposed Response. In addition, Plaintiff miscited authority throughout the Proposed Response. See Order Denying Response at 4–5; Proposed Response. As a result, allowing Plaintiff to respond to the filing of the exhibits "would not [have] advance[d] any aspect of litigation in this case" and was thus unnecessary and unhelpful. See Order Denying Response at 4. Second, as noted above, the "late-

---

[15] A court may order a party to supplement the record before resolving issues of subject matter jurisdiction and exhaustion of administrative remedies. See, e.g., Rouzard v. Comm'r of Soc. Sec., No. 6:24-CV-585-CEM-LHP, 2024 WL 3991539, at *2 (M.D. Fla. Aug. 29, 2024) (finding that, in order to resolve the motion to dismiss before the court, "the prudent course . . . is to require supplementation to the record before addressing the issue of exhaustion of administrative remedies and the factual attack on the Court's subject matter jurisdiction").

filed exhibits" were all cited to and referenced in the Motion. See generally Motion. Therefore, Plaintiff had the opportunity to respond to the arguments and propositions supported by the exhibits in his initial briefing. And, significantly, these exhibits are all part of the administrative record to which Plaintiff has access. Indeed, some of the exhibits were signed and filed by Plaintiff, and others were served via the Departmental Appeals Board E-file system. See, e.g., Motion to Vacate the Dismissal of Petitioner's Hearing Request (Doc. 62-2), filed October 22, 2025; Order Denying Petitioner's Motion to Vacate (Doc. 62-3), filed October 22, 2025. For these reasons, the Magistrate Judge did not err in considering these exhibits, even though Plaintiff was not permitted to submit additional briefing after they were filed.

## IV.    Conclusion

Upon review of the Report, the Court will accept and adopt, in part, the legal and factual conclusions recommended by the Magistrate Judge. Because the Court has subject matter jurisdiction over this action, Plaintiff's Complaint is due to be dismissed under Rule 12(b)(6) rather than Rule 12(b)(1). This is so because Plaintiff failed to exhaust his administrative remedies as to the merits of the OIG's exclusion decision, and this failure is not due to be excused by the Court. Additionally, even if the procedural dismissal of Plaintiff's claim is a reviewable "final decision . . . made after a hearing," the Complaint is still due

to be dismissed because the ALJ properly enforced the agency's deadlines in dismissing Plaintiff's claim. Therefore, Plaintiff's Objections are due to be overruled, and the Motion is due to be granted to the extent it asserts that the Complaint is due to be dismissed under Rule 12(b)(6). Accordingly, it is

**ORDERED:**

1. Plaintiff's Objections to Magistrate [Judge's] Report and Recommendation (Doc. 68) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 67) is **ADOPTED, in part**, as set forth above.

3. Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. 45) is **GRANTED in part** and **DENIED in part**.

   a. The Motion is **GRANTED** to the extent that the Complaint is **DISMISSED** pursuant to Rule 12(b)(6).

   b. The Motion is **DENIED** in all other respects.

4. The Clerk of the Court is **directed** to enter **JUDGMENT** in favor of Defendants and against Plaintiff.

5. The Clerk of the Court is further **directed** to terminate any remaining pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Chambers this 30th day of March 2026.

MARCIA MORALES HOWARD
United States District Judge

Lc35

Copies to:

Pro Se Party

Counsel of Record